IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV439-1-MU
3:03CR186-MU

| PATRICK O'BRIAN ARTIS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed October 23, 2006.

## PROCEDURAL HISTORY

On October 28, 2003, Petitioner was named in a four count Bill of Indictment. Count One charged him with conspiring with others to obstruct, delay, and affect commerce of a business engaged in the sale of jewelry and firearms. Count Two charged him with knowingly, willfully, and unlawfully obstruct, delay, and affect commerce. Count Three charged Petitioner with aiding and abetting during and in relation to a crime of violence. Count Four charged Petitioner with violating 18 U.S.C. § 922(g).

On May 11, 2004, the parties filed a plea agreement with the Court. On June 16, 2004, Petitioner entered a plea of guilty at his Rule 11 hearing. On November 1, 2005, the Court

sentenced Petitioner to 17 months imprisonment on Count One and 84 months imprisonment on Count Three for a total of 101 months to run concurrent to Petitioner's state court sentences. (Sent. Hearing Trans. pp. 8-9). The Judgment was filed on December 28, 2005 and set forth that Petitioner's federal sentence was to run consecutive to Petitioner's state sentences. Petitioner did not directly appeal his sentence and conviction.

On October 23, 2006, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence alleging that his conviction violated the Double Jeopardy Clause and that he received ineffective assistance of counsel.

## ANALYSIS

### I. DOUBLE JEOPARDY

Petitioner alleges that his federal conviction violated the Double Jeopardy Clause of the Constitution because he had already been convicted based upon the same conduct in state court.

It is well-settled that prosecution in both federal and state court for exactly the same conduct is not double jeopardy. See Heath v. Alabama, 474 U.S. 82, 88 (1985); Abbate v. United States, 359 U.S. 187 (1959). Consequently, Petitioner's double jeopardy claim is meritless and is dismissed.

### II. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is,

there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988).

### A. Double Jeopardy

Petitioner alleges that he received ineffective assistance of counsel because his counsel failed to file a motion to dismiss his indictment on the basis that it violated double jeopardy.[1] For the reasons already stated, Petitioner's double jeopardy rights were not violated and therefore counsel was not ineffective.

### B. Promise of Different Sentence

Petitioner alleges that his counsel was ineffective because he was led to believe that his

---

[1] Petitioner also states that his counsel failed to ever advise the Court that he was already serving a 6 to 8 year state sentence for this same conduct. A review of Petitioner's sentencing hearing reveals that Petitioner is mistaken. His counsel specifically informed the Court that Petitioner was serving a state sentence related to the conduct he was being sentenced for in federal court. (Sent. Hearing pp. 5-6).

federal sentence would be run concurrent to his state sentences.

As noted above, the sentence announced by this Court was to be concurrent to Petitioner's state sentence. (Sent. Hearing pp. 8-9). Consequently, Petitioner was not misled by counsel on this point and he was not ineffective on this basis. However, when reviewing this claim it became evident to the Court that due to clerical error Petitioner's Judgment – which states that the federal and state sentences are consecutive – does not accurately reflect the sentence announced by this Court at Petitioner's Sentencing Hearing.[2] As a result, this Court will correct Petitioner's judgment to reflect the sentence imposed by this Court. See Fed. R. Crim. P. 36 ("the court may at any time correct a clerical error in a judgment . . ..").

**C. Substantial Assistance**

Petitioner alleges that he received ineffective assistance of counsel because he was advised by counsel that if he provided assistance to the Government he would receive a 5K1.1 downward departure and a Rule 35 motion and no such motions were made.

Petitioner's plea agreement specifically sets forth that the determination of whether assistance provided by Petitioner was substantial is left to the sole discretion of the Government. (Plea Agr. ¶ 22a). At Petitioner's plea hearing he swore under oath that he understood that it was left to the Government's sole discretion as to whether his assistance was substantial. (Plea Hearing pp. 10-11). Moreover, after he did not receive a substantial assistance motion, Petitioner did not object at his sentencing hearing when he was given an opportunity to speak. (Sent. Hearing pp. 6-7). Consequently, this Court finds that, at a minimum, Petitioner was not

---

[2] The Court notes that it expects that defense counsel would review a client's criminal judgment to ensure conformity with the sentence proclaimed at sentencing.

4

prejudiced and his ineffective assistance of counsel claim on this basis fails.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**; and

2. The Clerk is ordered to correct Petitioner's criminal Judgment to conform with the pronouncement of this Court at Petitioner's November 1, 2005, Sentencing Hearing that Petitioner's federal sentence was to run <u>concurrent</u> to the state sentences listed in his Judgment.

Signed: October 26, 2006

Graham C. Mullen
United States District Judge